

Form CA 1-A: Notice and Acknowledge for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TURPIN, CHARLES
_____
*Plaintiff(s)*

v.

RAY, DARNELL et al
_____
*Defendant(s)*

Case No: 2017 ca 6761 B

**NOTICE**

To (insert name and address of the party to be served):

DISTRICT OF COLUMBIA
_____
441 4th Street NW
_____
Washington, DC  20001
_____

*(stamp:)* CIVIL LITIGATION DIVISION   2017 OCT 17 PM 2: 21   OFFICE OF THE ATTORNEY GENERAL

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 10/10/2017_____.

_____
*Signature*

10/10/2017
_____
*Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____    _____    _____
*Signature*                *Relationship to Defendant/Authority*    *Date of Signature*
                                    *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828
Để có một bài dịch, hãy gọi (202) 879-4828

如需翻译,请打电话 (202) 879-4828
ㅁㅁㅁㅁ ㅁㅁㅁ ㅁㅁㅁㅁ (202) 879-4828 ㅁㅁㅁ

Veuillez appeler au (202) 879-4828 pour une traduction
번역을 원하시면, (202) 879-4828 로 전화주십시요

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

CHARLES TURPIN
    Vs.
DARNELL RAY et al

C.A. No.    2017 CA 006761 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge MICHAEL L RANKIN
Date:  October 6, 2017
Initial Conference: 10:30 am, Friday, January 05, 2018
Location:  Courtroom 517
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

CHARLES E. TURPIN
_____
                               Plaintiff

vs.                                                            17 - 0 0 0 6 7 6 1

DARNELL RAY, et al.                              Case Number

_____
                               Defendant

Office of the Attorney General
District of Columbia              **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John F. Pressley, Jr.
_____
Name of Plaintiff's Attorney                    *Clerk of the Court*

7600 Georgia Ave., NW, #412
_____
Address                                         By _____
Washington, D.C. 20012                                        Deputy Clerk
_____

(202) 723-8800
_____                Date _____10/16/2017_____
Telephone

如需翻译, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오         የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                         Super. Ct. Civ. R. 4

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CHARLES TURPIN                          )
10 Halley Place, S.E., Apt. 202         )
Washington, D.C.  20032-2331            )
    Plaintiff,                          )
                                      )
                                      )   Civil No.
    v.                                  )
                                      )   17 - 0006761
DARNELL RAY                             )
2500 Sayles Place, S.E., #9             )
Washington, D.C. 20020                  )
                                      )
    and                                 )
                                      )
DISTRICT OF COLUMBIA                    )
A Municipal Corporation                 )
1350 Pennsylvania Ave N.W.              )
Washington, DC 20004                    )
                                      )
Serve: Attorney General/Designees       )
     441 4th Street, N.W.                )
     Washington, D.C. 20001              )
                                      )
    and                                 )
                                      )
OFFICER ANTHONY ROWLEY                  )
Metropolitan Police Department, 6D      )
5002 Hayes Street, N.W.                 )
Washington, DC 20019                    )
In his individual and official capacity )
                                      )
    and                                 )
                                      )
OFFICER SHANNON STRANGE                 )
Metropolitan Police Department, 6D      )
5002 Hayes Street, N.W.                 )
Washington, DC 20019                    )
In his individual and official capacity )
    Defendants                          )
_____ )

RECEIVED
CIVIL ACTIONS BRANCH
OCT 0 6 2017
Superior Court
of the District of Columbia
Washington, D.C.

**VERIFIED COMPLAINT**

COMES NOW, Plaintiff, Charles Turpin, by and through his attorney, John F. Pressley, Jr., Esq., and for his complaint against the defendants herein, alleges as follows:

## I. INTRODUCTION

1. This is a civil action brought pursuant to federal civil rights law (42 U.S.C. §1983) and the common law of the District of Columbia seeking monetary damages for, *inter alia*, violation of civil, constitutional rights and common law rights.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and D.C. Code §11-921 (2001 ed., as amended).

## III. THE PARTIES

3. The plaintiff, Charles Turpin, at all times relevant to the Complaint was a resident of the District of Columbia.

4. Defendant District of Columbia is a municipal corporation that operates and governs the Metropolitan Police Department (MPD). In the events of this case, the District of Columbia acted through its agents, employees, and servants, and the other defendant.

5. Defendant Anthony Rowley was at all times relevant to this action a sworn police officer employed by the District of Columbia Metropolitan Police Department (MPD), who participated in the events involved in this action in the manners described below. At all times relevant to this action he was acting under the color of District of Columbia law.

2

6. Defendant Shannon Strange was at all times relevant to this action a sworn police officer employed by the District of Columbia Metropolitan Police Department (MPD), who participated in the events involved in this action in the manners described below.  At all times relevant to this action he was acting under the color of District of Columbia law.

## IV. STATEMENT OF FACTS

7. Plaintiff Charles Turpin had resided at 3210 DuBois Street, S.E., Apartment 202, Washington, D.C. (the premises, "subject premises") for the previous ten (10) years with his long time companion of thirty-one years, Jimmie Faye Miles, whose sole name was on the lease.

8. The defendant landlord and defendant, Darnell Ray, was fully aware of the plaintiff's residence and tenancy at the subject premises. Prior to his wrongful eviction and arrest, defendant Ray never objected to Mr. Turpin's tenancy nor did he ever seek the eviction of Mr. Turpin during his residence at the subject premises.

9. Mr. Turpin paid the rent at the subject premises for the last eight (8) years of his residence at said premises.

10. Ms. Miles passed away on March 29, 2016 to the great dismay of Mr. Turpin. The death of his long time companion caused him to fall into a deep depression.

11. Mr. Turpin continued to reside at the subject premises with the full knowledge of defendant Ray.

12. Defendant Ray subsequently tried to sell the apartment building and indicated to

3

Mr. Turpin that he had to be out of the apartment before he could do so.

13.   On July 14, 2016, defendant Ray filed a landlord and tenant case against Mr. Turpin seeking possession of the subject premises. In the lawsuit, defendant Ray claimed that Mr. Turpin was a "squatter".

14.   On October 13, 2016 a Writ of Restitution was approved in Landlord and Tenant Court. The writ was good for 75 calendar days.

15.   With full knowledge that evictions in the District of Columbia can only be conducted by the U. S. Marshall Service, defendant Ray paid the required U.S. Marshall eviction fee.

16.   The Marshall Service, however, was never able to conduct the eviction within the allotted 75 calendar days and the Writ of Restitution expired on December 27, 2016.

17.   During this time period defendant Ray, apparently out of frustration with the Marshall service, decided to take things into his own hands. Defendant Ray, without any notice or communication with Mr. Turpin, illegally changed the locks on what was still Mr. Turpin's apartment.

18.   Mr. Turpin, as a result of the illegal lockout (i.e. eviction) was without any of his personal belongings and basic necessities, like a change of clothing. As a result, he entered the premises by way of forcing the rear door.

19.   For a couple of days, there was no contact or communication with defendant Ray. Then, on December 29, 2016, defendant Ray sought intervention by calling the Metropolitan Police.

4

20.   Two police officers subsequently showed up. However, they refrained from entering the apartment and indicated that he would have to come outside. After further conversation with defendant Ray and apparently realizing that this was a "civil matter" and not a "criminal matter", the officers left without further disturbing Mr. Turpin.

21.   Later in the day, defendant Ray came back to the apartment with two different officers who had a different approach and perspective. The officers first spoke with defendant Ray who told them that Mr. Turpin was in the property without permission, that he had been removed from the property but had gained entry by kicking in the rear door.

22.   The officers subsequently indicated to Mr. Turpin that he had been evicted and would have to come out. Mr. Turpin, however, indicated to the officers that the Marshalls had not yet come, that he lived at the apartment, had not done anything wrong, that he had been locked out of the apartment, that he did not have keys and that he had kicked in the door to gain entry in order to get his clothes. As a result, he declined to leave the apartment.

23.   Upon Mr. Turpin's refusal to leave, the officers entered the apartment against the will of Mr. Turpin and proceeded to arrest and forcibly remove him from the premises. In the process of removing him from the property, the officers physically injured Mr. Turpin by gratuitously rubbing his face on the floor of the apartment and violently thrusting their knees into his back. Mr. Turpin was subsequently handcuffed and dragged down the stairs and out of the apartment. Defendant Ray

looked on and laughed, apparently finding humor in the excessively brutal removal of Mr Turpin from the apartment.

24. Mr. Turpin was later taken to the Metropolitan Police Department Sixth District for initial criminal processing. He was initially charged with destruction of property ($1,000 or more) and resisting arrest.

25. Mr. Turpin was then taken to the United Medical Center for treatment of the injuries that he sustained while being arrested. He was later returned to the Sixth District.

26. The full scale prosecution of Mr. Turpin ensued. On July 9, 2017 Mr. Turpin went to trial. On July 10, 2017 Mr. Turpin was found not guilty of all charges.

<u>COUNT I</u>
(42 U.S.C. §1983 - Illegal Entry - Rowley, Strange)

27. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 25 as if fully set forth herein.

28. As more fully described above, On December 29, 2016, defendants Anthony Rowley and Shannon Strange, while acting individually and jointly, as well as under color of District of Columbia law and within the scope of their employment as police officers, illegally entered the subject premises without authority to do so.

29. The plaintiff at the time of entry by the defendants Rowley and Strange was in lawful possession of the subject premises and had a reasonable expectation of privacy in said premises.

30. Any alleged permission given by defendant Darnell Ray to enter the subject

premises was not given within his legal authority to do so as there had not been a legal eviction executed by the Marshall Service.

31. The lack of authority on the part of defendant Ray was readily apparent in light of the fact that any documentation related to the effort to seek eviction would have indicated that the writ of restitution had expired on December 27, 2016, two days prior to the date the defendant officers were seeking to enter the premises.

32. In addition, the premises were not empty, as would be the case if there had been an eviction of Mr. Turpin and all of his property and personal effects.

33. Pursuant to police procedures, police are only allowed to get involved in criminal matters and are not allowed to interfere in "civil matters", such as landlord tenant disputes and evictions.

34. Despite the foregoing, the defendant officers entered Mr. Turpin's apartment without authority to do so at the behest of defendant Ray.

35. Such intentional and illegal entry by the individual defendants violated plaintiff's Fourth Amendment right to privacy and his right to be secure in his home.

36. There was no exigent circumstance requiring that defendants to enter the apartment without a warrant or other legal authority.

37. The right of plaintiff to be secure in his home without having to worry about the defendants illegally entering her home, without a warrant, in nonexigent circumstances was well established at the time of defendants' illegal entry.

## COUNT II
(42 U.S.C. §1983 - False Arrest/False Imprisonment - Rowley, Strange)

38. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 37 as if fully set forth herein.

39. As more fully described above, defendants Anthony Rowley and Shannon Strange, while acting individually and jointly, as well as under color of District of Columbia law and within the scope of their employment, caused plaintiff to be falsely arrested and imprisoned.

40. Reliance on the representations of defendant Darnell Ray relating to the plaintiff's status as a tenant were not justified under the objective situation existing at the time of arrest and detention of the plaintiff.

41. At the time of the arrest of the plaintiff, the writ of restitution was expired and the premises was not emptied as would be the case if an eviction had, in fact, taken place previously.

42. Defendant officers were well aware of the MPD policy which prohibited police officers from getting involved in noncriminal, civil matters, such as landlord tenant disputes.

43. Despite the foregoing objective facts and the protestations of the plaintiff, the defendant officers boldly entered the subject premises without a warrant or probable cause and without legal authority to do so.

44. The arrest of the plaintiff under the foregoing circumstances resulted in the unnecessary and illegal detention, restraint and loss of liberty of the plaintiff, without probable cause or pursuant to a valid arrest warrant, was in violation of the Fourth Amendment and 42 U.S.C. § 1983.

8

## COUNT III
### (42 U.S.C. §1983 - Malicious Prosecution - Rowley, Strange)

45.  The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 43 as if fully set forth herein.

46.  Defendant officers Anthony Rowley and Shannon Strange initiated criminal proceedings against the plaintiff with full knowledge that said arrest was unlawful and contrary to MPD policy and procedure and that there was no objective basis to conclude that the plaintiff was in the subject premises illegally.

47.  The charges were not based upon probable cause, but were maliciously initiated by defendants Rowley and Strange who ignored the objective evidence and the pleas and protestations of the plaintiff.

48.  The defendant officers had a duty to ascertain the necessary facts and proceed only if there was reasonable and probable cause for a prosecution.

49.  The criminal proceeding terminated in a manner favorable to the plaintiff when the court found the plaintiff not guilty on all counts.

50.  The malicious prosecution of the plaintiff was in violation of protections accorded to the plaintiff by the Fourth Amendment and 42 U.S.C. § 1983.

## COUNT IV
### (Wrongful Eviction - Rowley, Strange)

51.  The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 50 as if fully set forth herein.

52.  On or about December 26, 2016, defendant Darnell Ray wrongfully changed the locks of the subject premises without the permission or knowledge of plaintiff.

9

53. As more fully described above, a few days later, upon discovery that the plaintiff had regained entrance into his apartment, defendant Ray sought the assistance of the Metropolitan police to aid in his eviction of the plaintiff from the premises.

54. Two police officers responded to defendant Ray's request for assistance. However, upon arriving and assessing the situation, the officers declined to get involved pursuant to their determination that this was a civil matter and not a criminal matter.

55. Defendant Ray, however, persisted in trying to obtain the help of the police in removing the plaintiff from the premises. He contacted the police again, and two different police officers responded to the scene. The second two officers were the defendants, Anthony Rowley and Shannon Strange who readily assisted defendant Ray. The officers proceeded to enter the premises and not only remove him from the premises but they also forcibly arrested the plaintiff, injuring him in the process.

56. This removal and eviction of the plaintiff was wrongful based on defendant Ray's knowledge of the facts that: a) self-help evictions are illegal in the District of Columbia and that b) the U.S. Marshalls are the only ones authorized to carry out evictions in the District of Columbia and they had never showed up to conduct a lawful eviction.

57. Defendant Ray was also aware of the fact that the writ of restitution which he had obtained in court had expired at the time that he contacted the police.

58. The police officer defendants were aware of or should have been aware of the fact

10

that an eviction had not taken place and that they had no authority to participate in any type of civil matter any way.  All defendants were wrong in their illegal eviction of the plaintiff from his apartment.

## COUNT IV
### (Trespass - Rowley, Strange)

59. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 58 as if fully set forth herein.

60. As more fully described above, on December 29, 2016, defendant officers Anthony Rowley and Shannon Strange illegally entered plaintiff's apartment without legal authority and without the permission of the plaintiff who was in lawful possession of said premises.

61. In doing so, the individual defendants invaded and disrupted the plaintiff's exclusive possession of his apartment.

62. At all times relevant to said trespass, defendants Rowley and Strange worked within the scope of their employment with the District of Columbia Metropolitan Police Department.

## COUNT V
### (False Arrest - Rowley, Strange)

63. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 62 as if fully set forth herein.

64. As more fully described above, On December 29, 2016, defendants Anthony Rowley and Shannon Strange, while acting individually and jointly illegally entered the apartment of the plaintiff and arrested the plaintiff.

11

65.   The arrest and false imprisonment of the plaintiff was without probable cause or legal justification to do so.

## COUNT VI
### (Malicious Prosecution - District of Columbia, Rowley, Strange)

66.   The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 65 as if fully set forth herein.

67.   Defendants caused plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury to the plaintiff.

68.   The defendant officers had a duty to ascertain and proceed only if there was reasonable and probable cause for a prosecution.

69.   The criminal proceeding terminated in favor of Mr. Turpin when he was found not guilty of all charges.

70.   At all times relevant to the events in this case, the defendant officers worked within the scope of his employment with the District of Columbia Metropolitan Police Department.

## COUNT VII
### (42 U.S.C. §1983 - District of Columbia)

71.   The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 70 as if fully set forth herein.

72.   MPD police officers in the District of Columbia, on numerous occasions, prior to the warrantless entry into plaintiff's home, entered the homes of citizens without a warrant in violation of said citizens' constitutional rights.

73. Many of these constitutional violations were reported to and investigated by the District of Columbia Office of Police Complaints (OPC).

74. Complaints investigated and sustained by the OPC are subsequently reported to the MPD and the Chief of Police. As a result, sufficient notice had been provided to the District of Columbia that there was a deficiency in MPD training program with respect to warrantless entries into citizens' homes and not addressing said deficiency would lead to continued violations of citizens' constitutional rights.

75. The District of Columbia and the MPD, nonetheless, prior to the violation of plaintiff's constitutional rights continued in its failure to properly train, investigate and discipline MPD officers with respect to warrantless entries. Said deliberate indifference was a factor leading to the wrongful entry into the plaintiff's home and the violation of her constitutional rights.

76. Said inaction and deliberate indifference on the part of the District of Columbia constituted a custom and policy in violation of the constitutional rights of the plaintiff and citizens of the District of Columbia.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Charles Turpin prays that this court:

a.    Award plaintiff $1,000,000 in compensatory damages against all defendants;

b.    Award plaintiff $500,000 in punitive damages against the individual defendants;

c.    Award plaintiff costs against all defendants;

d.     Award plaintiff attorney's fees; and

e.     Grant such other relief as it may deem just and proper.

I DO SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY THAT THE
CONTENTS OF THE FOREGOING DOCUMENT ARE TRUE AND CORRECT TO THE
BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_21/ Sep/ 2017_
Date

Charles Turpin

Respectfully submitted,

/s/ John F. Pressley, Jr.

John F. Pressley, Jr. #379716
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C.  20012
(202) 723-8800
jfpressley@verizon.net
*Attorney for Plaintiff*

### JURY DEMAND

Plaintiff Charles Turpin demands a trial by jury on all issues so triable.

/s/ John F. Pressley, Jr

John F. Pressley, Jr.

15